UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Khari Varner, Tera Strawter, K.L.V, N.V., K.V, J.V., <br><br>Plaintiffs,<br><br>v.<br><br>CPS/CCDFS, et al.,<br><br>Defendants. | Case No. 2:24-cv-00341-RFB-DJA <br><br>**Order** |

Before the Court are two of Plaintiff Khari Varner's applications to proceed *in forma pauperis*.[1] (ECF Nos. 13, 14). However, although Varner has signed both applications, they contain different information about Varner's financial status. For example, in response to question 3, Varner did not check the boxes for whether Varner receives money through gifts, inheritances, or other sources on one application (ECF No. 13) but Varner checks the "no" boxes for these items on the other (ECF No. 14). On one application, Varner claims to have $0 in a checking account. (ECF No. 13). But in the other, Varner claims to have $50. (ECF No. 14). Finally, on one application, Varner claims to have no financial obligations (ECF No. 13) and on the other, Varner claims to owe $500 (ECF No. 14).

Additionally, Varner's responses are not sufficiently descriptive. For example, Varner claims to owe $500, but does not answer the remainder of question 8, which asks for a description of the amounts owed and to whom they are payable. (ECF No. 14). The Court also takes judicial notice of the fact that Varner filed a previous application to proceed *in forma pauperis* in another case. *See Varner et al. v. Strawter et al.*, No. 2:24-cv-00537-JAD-DJA, at ECF No. 3. In that

---

[1] The caption of the application filed at ECF No. 13 is changed to only state Tera Strawter's name. But the application is signed by Varner, so the Court construes it as Varner's.

application, Varner claimed to be self-employed, listed rent and utility payments, and claimed that a minor child relied on Varner for support. *Id.* While the Court recognizes that circumstances change, by only writing "no" or "N/A" in response to the application questions, Varner has left the Court without the ability to determine whether Varner qualifies for *in forma pauperis* status in this case when considering Varner's answers in the other case.

When applying for *in forma pauperis* status, the applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

The Court thus denies Varner's applications without prejudice and will give Varner another opportunity to file a complete *in forma pauperis* application. The Court further orders that Varner may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Varner also may not leave any questions blank. Varner must describe each source of money that Varner receives, state the amount received, and state what is expected in the future. Varner must fully answer all applicable questions and check all applicable boxes. Varner may alternatively pay the filing fee in full. Because the Court denies Varner's application, it does not screen the amended complaint at this time.

Finally, as the Court stated previously, if Strawter wishes to continue in this matter, Strawter must file a separate application to proceed *in forma pauperis* that outlines Strawter's assets and financial obligations and is signed by Strawter.  Strawter's application must also be complete as outlined above.  If the minor children are to proceed as plaintiffs in this case, they must be represented by a lawyer.

**IT IS THEREFORE ORDERED** that Varner's applications to proceed *in forma pauperis* (ECF Nos. 13 and 14) are **denied without prejudice.**  The Clerk of Court is kindly directed to send Varner and Strawter a copy of this order.

**IT IS FURTHER ORDERED** that Varner and Strawter shall have until **June 19, 2024** to file separate and complete applications to proceed *in forma pauperis* or pay the filing fee. **Failure to comply with this order may result in a recommendation to the district judge that the case be dismissed.**

**IT IS FURTHER ORDERED** that, if their claims are to proceed, the minor children Plaintiffs must appear through counsel on or before **June 19, 2024.**

DATED: May 17, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE